UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RICHARD A. THOMAS,

    Plaintiff,

v.                                    Case No. 10-C-1073

KAREN BURLINGAME,

    Defendant.

**ORDER**

Plaintiff filed this action under 42 U.S.C. § 1983 alleging that Karen Burlingame, a state parole or prison official, illegally continued Plaintiff's detention in 2002 when she placed him in the Racine County Jail after he refused to enter an AODA program following his release from prison. He spent two months in jail and now seeks damages for that detention as well as "termination of existing parole / extended supervision." (Compl. at 7.)

Since filing the complaint, Plaintiff has been released from custody. As such, the provisions governing the collecting of filing fees from inmates no longer apply. According to his affidavit of indigence, Plaintiff has no assets, and I thus conclude that he qualifies to proceed *in forma pauperis* ("IFP"). I must now screen the complaint to ensure that it states a claim for relief. My review of the complaint leads me to believe that the Plaintiff may have difficulty succeeding in a § 1983 action. The rule of *Heck v. Humphrey,* 512 U.S. 477 (1994) states that a litigant cannot turn to § 1983 unless and until his custody has been overturned or vacated if relief in his § 1983 action would undermine the validity of that custody. Instead, he must first turn to the state courts and seek relief

in federal court, if at all, through habeas corpus. But the rule of *Heck* does not apply once an inmate is out of custody, primarily because collateral relief like habeas corpus is no longer available. *Simpson v. Nickel,* 450 F.3d 303, 307 (7th Cir. 2006). Here, Thomas is out of custody in the physical sense, but he implies through the relief he seeks that he is still on parole, and that his parole is somehow related to the physical custody in 2002 that he now challenges. Parole counts as custody, and thus if his parole is dependent on his claim in this case, then *Heck* could bar relief because he has not had his custody overturned. Even so, I am unable to conclude from the complaint that *Heck* would necessarily bar this action because it is unclear how, or if, the actions Plaintiff complains of in 2002 affect his current supervision. As such, it is difficult to discern at the pleading stage whether *Heck* would apply. Accordingly, the complaint will survive screening and the Defendant will be required to respond.

Pursuant to a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, copies of the petition and this order have been sent via a Notice of Electronic Filing[1] ("NEF") to State of Wisconsin respondent(s)[2] through the Attorney General for the State of Wisconsin. The Department of Justice will inform the Court within 21 days from the date of the NEF of the names of the defendants on whose behalf the Department will not accept service of process, the reason for not accepting service for them, and the last known address of the defendant. The Department of

---

[1] Any documents not scanned in CM/ECF will have to be sent by the Clerk to the Department in hard copy.

[2] County sheriffs, jail administrators or employees, police officers, county employees or federal agencies (such as I.C.E.) are not included and paper copies must be served on the appropriate Corporation Counsel, jail administrator or other such party by the U.S. Marshal's Service.

Justice will provide the pleadings to those respondents on whose behalf they have agreed to accept service of process.

**IT IS ORDERED** that the defendants shall file a responsive pleading to the plaintiff's complaint.

**IT IS FURTHER ORDERED** that the motion to proceed IFP is **GRANTED** and the filing fee is waived.

Dated this   13th   day of December, 2010.

s/ William C. Griesbach
William C. Griesbach
United States District Judge