UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RICHARD THOMAS,

        Plaintiff,

  v.                                            Case No. 10-C-1073

KAREN BURLINGAME and WISCONSIN
DEPARTMENT OF CORRECTIONS,

        Defendants.

**DECISION AND ORDER**

On November 30, 2010, *pro se* Plaintiff Richard A. Thomas filed this action under 42 U.S.C. § 1983 against Karen Burlingame, his former parole officer, and the Wisconsin Department of Corrections for unlawfully confining him following his release from prison on February 19, 2002. Thomas alleges that Burlingame placed him in custody and transported him against his will to the Racine County Jail, because he refused to consent to in patient treatment at an Alcohol and Other Drug Abuse ("AODA") facility. After two months, Thomas reluctantly consented to placement in a Kenosha AODA inpatient facility as an Alternative To Revocation ("ATR") of his parole, where he remained until July of 2002. Thomas claims that Burlingame had no authority to place him in custody, despite his refusal to consent to treatment because February 19, 2002, was his mandatory release date. Based upon these allegations, Thomas seeks damages of $250,000 for mental anguish, $1.2 million for deprivation of his liberty and termination of existing parole/extended supervision.

The case is currently before the Court on the defendants' motion to dismiss on several grounds, including that the action is barred by the applicable statute of limitations. The motion will be granted.

For the purpose of resolving this motion to dismiss, the Court must analyze the issues under the presumption that Plaintiff's factual allegations are true. *See Bethlehem Steel Corp. v. Bush*, 918 F.2d 1323, 1326 (7th Cir. 1990). To survive a motion to dismiss, Plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is obliged to construe a plaintiff's pro se allegations liberally, "however inartfully pleaded." *See Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The court assumes that the facts alleged in the complaint are true and "shall draw all reasonable inferences in the light most favorable to the plaintiff." *Bethlehem Steel Corp. v. Bush*, 918 F.2d 1323, 1326 (7th Cir. 1990).

Although motions to dismiss under Rule 12(b)(6) generally do not address affirmative defenses, "the statute of limitations may be raised in a motion to dismiss if the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense." *Brooks v. Ross*, 579 F.3d 574, 579 (7th Cir. 2009) (internal quotations omitted). It is appropriate to consider the statute of limitations at this stage if the "relevant dates are set forth unambiguously in the complaint," (*id.*) and if the plaintiff effectively "pleads himself out of court" by providing enough facts in his pleading to establish a timing defect in his complaint. *Cancer Foundation v. Cerberus Capital Management*, 559 F.3d 671, 674-75 (7th Cir. 2009).

Because 42 U.S.C. § 1983 does not provide a specific statute of limitations for actions arising under it, the applicable statute of limitations for § 1983 claims is the "general or residual statute for personal injury actions" under state law. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). The Supreme Court of Wisconsin has held, under the guidance of *Owens*, that section 893.53 of the Wisconsin Statutes is the general or residual statute controlling for claims under § 1983 in this state. *Hemberger v. Bitzer,* 216 Wis. 2d 509, 519 (1998). Section 893.53 states:

> An action to recover damages for an injury to the character or rights of another, not arising on contract, shall be commenced within 6 years after the cause of action accrues, except where a different period is expressly prescribed, or be barred.

Wis. Stat. § 893.53 (2009-10). Thus, the relevant statute of limitations for Plaintiff's claim is six years. This period begins to run either when the injury *is* discovered, or when it *should have been* discovered with "reasonable diligence." *Hanson v. A.H. Robins, Inc.*, 335 N.W.2d 578, 583 (Wis. 1983); s*ee also Washington v. Summerville*, 127 F.3d 552, 556 (7th Cir. 1997).

The parties dispute when Thomas' claim accrued and the limitations period began to run. The defendants argue that the statute of limitations for this claim began to run on February 19, 2002, the day that Burlingame placed Thomas in the Racine County Jail after he refused to enter an inpatient AODA facility. If Thomas' claim accrued then, the six-year statute of limitations would have expired on February 20, 2008. But even if the claim did not accrue and the statute of limitation begin running until Thomas was released from the Kenosha AODA facility in July, 2002, the limitation period would still have expired almost two-and-a-half years before Thomas commenced his lawsuit. Thomas argues in response that the documents showing that he was held beyond his mandatory release date were removed from his prison file and that he did not have access to them while he was in prison or on parole. (Resp. ¶2, Docket 17.) Although he does not say what these

3

documents are, and when and how he finally obtained copies of them, Thomas suggests that the fact that he did not have them somehow prevented him from commencing his lawsuit earlier.

Thomas fails to explain why he needed any documents from the DOC to commence his action. He does not claim that he did not know his mandatory release date, and he certainly knew who ordered his confinement and when. The defendants are correct: The statute of limitations is not tolled while plaintiffs collect documents from future defendants to prove their claims. That is the purpose of discovery. To commence an action, all Thomas needed to do was file a complaint containing a short, plain statement of his claim. (Def.'s Reply at 2.) (citing Fed. R. Civ. P. 3 and 8(a)).

Even if Thomas did need access to documents in order to discover that his rights had been violated, the statute would begin to run on the date when he should have reasonably discovered these documents. Based on his statement that he obtained the necessary documents simply by writing a letter to "central records," and absent any suggestion that he was unable to write such a letter within the six years after his release from the AODA facility, this factor would not have any tolling effect on the statute of limitations.

In sum, whether the statute of limitations began to run on this claim on February 19th, the date Thomas was transferred to the AODA facility, or on some other date in July of 2002, the applicable six-year statute of limitations makes sometime between February and July 2008 the latest time Thomas could have filed a timely § 1983 complaint regarding this incident. However, he did not file his complaint until November 30, 2010. Therefore, Thomas' § 1983 complaint is time barred because he failed to file within the time allowed under the applicable statute of limitations.

Accordingly and for the foregoing reasons, the defendants' motion to dismiss is GRANTED and Thomas' action is **DISMISSED**.

**SO ORDERED** this   25th   day of August, 2011.

s/ William C. Griesbach
William C. Griesbach
United States District Judge